UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

TERRANCE PUGH et al.,

        Plaintiffs,                      Case No. 1:16-cv-1391

v.                                                       Honorable Paul L. Maloney

TONY TRIERWEILER et al.,

        Defendants.

_____/

## OPINION

This is a civil rights action brought by two state prisoners pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiffs leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff Wright will be dismissed without prejudice for failure to comply with the Court's order to file an amended complaint. The Court will order service of Plaintiff Pugh's claim against Defendant Thompson for withholding religious materials and Plaintiff Pugh's remaining claims will be dismissed without prejudice for improper joinder.

**Factual Allegations**

Plaintiffs Pugh and Wright currently are incarcerated in the Baraga Correctional Facility and the St. Louis Correctional Facily, respectively, but the events giving rise to their complaint occurred while they were both housed at the Bellamy Creek Correctional Facility (IBC). The following IBC employees are named as Defendants in the amended complaint (ECF No. 10): Warden Tony Trierweiler; Deputy Wardens John Davids and Joe Macauley; Chaplain Dan Thompson; Facility Manager Arleen Edwards; Sergeants Nicesweiss and (unknown) Stump; Corrections Officers (unknown) Kerr, (uknown) Emery, (unknown) Anderson, (unknown) Walls, (unknown) Burch, (unknown) Cartwell, (unknown) Brooks, (unknown) Raymond, (unknown) Bussinger, (unknown) Simon, (unknown) Schaffer, (unknown) Shattuck, (unknown) Hall and (unknown) Longquist; Assistant Resident Unit Supervisors P. Fleck and (unknown) Avery; Resident Unit Managers R. Wright and (unknown) Buchane; and Grievance Coordinator M. Robinson.  The amended complaint also names "Trinity Food Service, FSD, and AFSD, S.P. Sallese, and E. Klein," who provide privatized food services at IBC.  (Am. Compl., ECF No. 10, PageID. 141.)

The amended complaint raises a variety claims concerning Plaintiffs' conditions of confinement at IBC spanning from January through approximately September of 2016.  Plaintiff Pugh first claims that he has not been compensated for a television that was broken by prison staff when he was transferred from the Ionia Correctional Facility to IBC on January 22, 2016.  Plaintiffs Pugh and Wright raise claims of religious discrimination and excessive use of force arising from an incident that occurred on February 19, 2016, during which several of the named Defendants interrupted a Sunni Muslim religious service and sprayed Plaintiffs with chemical agents.  Plaintiffs further claim that Defendants escorted them back to their housing units and were joined by several

other Defendants who assisted in conducting shakedown searches without allowing Plaintiff to wash the chemical agents from their faces and skin. Plaintiffs also allege that Defendants discriminated against them based upon their religion by withholding or rejecting religious study materials and books that were sent to Plaintiffs through the mail. In addition, Plaintiffs claim that they were provided with spoiled and nutritionally inadequate food for a thirty-day period during Ramadan. Plaintiff's allege that they are subjected to harassment on a daily basis as a result of filing grievances concerning religious discrimination. Next, Plaintiffs allege that Defendant Hall, who was involved in a physical altercation with another inmate, forced them to provide false information in Hall's defense by threatening to have Plaintiffs sent to segregation. Plaintiffs further claim that they both were charged with fighting and moved to segregation in September 2016, after being attacked by other prisoners. Plaintiff Pugh alleges that while packing his personal property upon his transfer to segregation, unnamed corrections officers discovered his preparations for a civil suit and punished him by bringing false misconduct charges against him.

Plaintiffs seeks declaratory relief, as well as compensatory and punitive damages.

## Discussion

I. **Plaintiff Wright**

Plaintiffs filed their original complaint in the Eastern District of Michigan. The case was transferred to this Court because venue only was proper in this Court. On January 11, 2017, the Court issued an order requiring Plaintiffs to file an amended complaint on the form provided by the Court within 28 days. The amended complaint (ECF No. 10) was signed only by Plaintiff Pugh. Plaintiff Wright did not sign the amended complaint filed by Pugh, nor did he file a separate

amended complaint. Because Plaintiff Wright failed to comply with the Court's order to file an amended complaint, he will be dismissed without prejudice.[1]

## II. **Plaintiff Pugh**

### A. Improper joinder

Federal Rule of Civil Procedure 20(a) limits the joinder of parties in single lawsuit, whereas Federal Rule of Civil Procedure 18(a) limits the joinder of claims. Rule 20(a)(2) governs when multiple defendants may be joined in one action: "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Rule 18(a) states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."

Courts have recognized that, where multiple parties are named, as in this case, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18. . . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

---

[1] The Court notes that Plaintiff Pugh lacks standing to assert the constitutional rights of other prisoners. *Newsom v Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Raines v. Goedde*, No. 92-3120, 1992 WL 188120, at *2 (6th Cir. Aug. 6, 1992). As a layman, Plaintiff may only represent himself with respect to his individual claims, and may not act on behalf of other prisoners. *See O'Malley v. Brierley*, 477 F.2d 785 (3d Cir. 1973); *Lutz v. LaVelle*, 809 F. Supp. 323, 325 (M.D. Pa. 1991); *Snead v. Kirkland*, 462 F. Supp. 914, 918 (E.D. Pa. 1978).

7 CHARLES ALLEN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE CIVIL § 1655 (3d ed. 2001), *quoted in Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009), and *Garcia v. Munoz*, No. 08-1648, 2007 WL 2064476, at *3 (D.N.J. May 14, 2008); *see also Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (joinder of defendants is not permitted by Rule 20 unless both commonality and same transaction requirements are satisfied).

Therefore, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor*, 661 F. Supp. 2d at 778. When determining if civil rights claims arise from the same transaction or occurrence, a court may consider a variety of factors, including, "the time period during which the alleged acts occurred; whether the acts of . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Id.* (quoting *Nali v. Michigan Dep't of Corrections*, 2007 WL 4465247, *3 (E.D. Mich. December 18, 2007)).

Permitting the improper joinder in a prisoner civil rights action also undermines the purpose of the PLRA, which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts. *See Riley v. Kurtz*, 361 F.3d 906, 917 (6th Cir. 2004). Under the PLRA, a prisoner may not commence an action without prepayment of the filing fee in some form. *See* 28 U.S.C. § 1915(b)(1). These "new fee provisions of the PLRA were designed to deter frivolous prisoner litigation by making all prisoner litigants feel the deterrent effect created by liability for filing fees." *Williams v. Roberts*, 116 F.3d 1126, 1127-28 (5th Cir. 1997). The PLRA also contains a "three-strikes" provision requiring the collection of the entire filing fee after the

dismissal for frivolousness, etc., of three actions or appeals brought by a prisoner proceeding in forma pauperis, unless the statutory exception is satisfied. 28 U.S.C. § 1915(g). The "three strikes" provision was also an attempt by Congress to curb frivolous prisoner litigation. *See Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998).

The Seventh Circuit has explained that a prisoner like Plaintiff may not join in one complaint all of the defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) . . . .
>
> A buckshot complaint that would be rejected if filed by a free person -- say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions -- should be rejected if filed by a prisoner.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Brown v. Blaine*, 185 F. App'x 166, 168-69 (3rd Cir. 2006) (allowing an inmate to assert unrelated claims against new defendants based on actions taken after the filing of his original complaint would have defeated the purpose of the three strikes provision of PLRA);*Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998); *Shephard v. Edwards*, 2001 WL 1681145, * 1 (S.D. Ohio Aug[.] 30, 2001) (declining to consolidate prisoner's unrelated various actions so as to allow him to pay one filing fee, because it "would improperly circumvent the express language and clear intent of the 'three strikes' provision"); *Scott v. Kelly*, 107 F. Supp. 2d 706, 711 (E.D. Va. 2000) (denying prisoner's request

to add new, unrelated claims to an ongoing civil rights action as an improper attempt to circumvent the PLRA's filing fee requirements and an attempt to escape the possibility of obtaining a "strike" under the "three strikes" rule). To allow Plaintiff to proceed with these improperly joined claims and defendants in a single action would permit him to circumvent the PLRA's filing fee provisions and allow him to avoid having to incur a "strike" for purposes of by § 1915(g), should any of his claims turn out to be frivolous.

The first claim raised by Plaintiff Pugh (hereinafter "Plaintiff") in the amended complaint concerns a television that was broken by prison staff when he was transferred from the Ionia Correctional Facility to IBC on January 22, 2016. Plaintiff claims that despite filing a grievance and a claim with the Administrative Board, he has not been compensated for the destruction of his property. Plaintiff Pugh, however, does make allegations against any of the named Defendants with regard to the broken television. Chaplain Dan Thompson is the first Defendant named by Plaintiff in the complaint.[2] Plaintiff claims that he wrote to several religious associations for religious materials and donations, which were withheld by Defendant Thompson. Plaintiff does not allege that any of the other named Defendants were involved in withholding religious materials.[3] As a result, no claim against any of the other 30 Defendants is transactionally related to Plaintiff's claim against Defendant Thompson.

Under Rule 21 of the Federal Rules of Civil Procedure, "[m]isjoinder of parties is not a ground for dismissing an action." Instead, Rule 21 provides two remedial options: (1) misjoined

---

[2] Defendants Trierweiler, Davids and Macauley are listed in the amended complaint before Thompson, but the only allegations in the complaint against them were made by Plaintiff Wright, who has been dismissed from this action.

[3] Plaintiff Wright made a separate claim against Defendants Edwards, Trierweiler, Davids and Macauley regarding the rejection of seven books sent from an Islamic bookstore, but as previously discussed, Plaintiff Wright's claims have been dismissed without prejudice.

parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately. *See DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006); *Carney v. Treadeau*, No. 07-cv-83, 2008 WL 485204, at *2 (W.D. Mich. Feb. 19, 2008); *Coal. to Defend Affirmative Action v. Regents of Univ. of Mich.*, 539 F. Supp. 2d 924, 940 (E.D. Mich. 2008); *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("Parties may be dropped . . . by order of the court . . . of its own initiative at any stage of the action and on such terms as are just."). "Because a district court's decision to remedy misjoinder by dropping and dismissing a party, rather than severing the relevant claim, may have important and potentially adverse statute-of-limitations consequences, the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'" *DirecTV*, 467 F.3d at 845.

At least three judicial circuits have interpreted "on such terms as are just" to mean without "gratuitous harm to the parties." *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)); *see also DirecTV, Inc.*, 467 F.3d at 845. Such gratuitous harm exists if the dismissed parties lose the ability to prosecute an otherwise timely claim, such as where the applicable statute of limitations has lapsed, or the dismissal is with prejudice. *Strandlund*, 532 F.3d at 746; *DirecTV*, 467 F.3d at 846-47; *Michaels Building Co.*, 848 F.2d at 682.

In this case, Plaintiff brings causes of action under 42 U.S.C. § 1983. For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Furthermore, "Michigan law provides for tolling of the limitations period while an earlier action was pending which was later dismissed

without prejudice." *Kalasho v. City of Eastpointe*, 66 F. App'x 610, 611 (6th Cir. 2003). Because his claims arose in 2016, Plaintiff has ample time remaining in the limitations period. Plaintiff therefore will not suffer gratuitous harm if the improperly joined Defendants are dismissed. Accordingly, the Court will exercise its discretion under Rule 21 and dismiss all Defendants other than Defendant Thompson from the action, without prejudice to the institution of new, separate lawsuits by Plaintiff against those Defendants.[4] *See Coughlin*, 130 F.3d at 1350 ("In such a case, the court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs"); *Carney*, 2008 WL 485204, at *3 (same).

At this stage of the proceedings, Plaintiff's allegations are sufficient to state a claim against Defendant Thompson. Consequently, the Court will order service of the complaint against him.

### **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff Wright will be dismissed without prejudice for failure to comply with the Court's order to file an amended complaint. The Court will order service of Plaintiff's claim against Defendant Thompson. Plaintiff's claims against the remaining Defendants will be dismissed without prejudice for improper joinder.

An Order consistent with this Opinion will be entered.

Dated: March 16, 2017                             /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  United States District Judge

---

[4] As fully discussed in this opinion, Plaintiff is cautioned that he must limit all future actions to Defendants who are transactionally related to one another. Not all of the dismissed claims and Defendants would be properly brought in a single new action.