UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE PUGH,

Plaintiff,

Case No. 1:16-cv-1391

Hon. Paul L. Maloney

v.

TONY TRERWEILER, *et al.*,

Defendants.

_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On November 21, 2016, plaintiff Terrance Pugh and former plaintiff Robert Wright filed this action in the Eastern District of Michigan. Compl. (ECF No. 1, PageID.1-2). The case was transferred to this district and plaintiffs were granted *in forma pauperis* status. *See* Order (ECF No. 8). Pursuant to a Court order, plaintiff filed an amended complaint, in which he made claims against 31 defendants. Amend. Compl. (ECF No. 10). On initial screening, this Court dismissed plaintiff Wright and all defendants except Chaplain Dan Thompson. *See* Opinion and Order (ECF Nos. 12 and 13). Plaintiff Pugh's only remaining claim is that Chaplain Thompson withheld religious materials from him. *See* Opinion (ECF No. 12, PageID.161). This matter is now before the Court on Thompson's motion to revoke plaintiff Pugh's *in forma pauperis* status pursuant to the "three strikes" rule set forth in 28 U.S.C. § 1915(g) (ECF No. 23).

1

## I.    Discussion

In *Coleman v. Tollefson*, -- U.S. --, 135 S.Ct. 1759 (2015), the Supreme Court

discussed the history of the "three strikes" rule:

> Congress first enacted an *in forma pauperis* statute in 1892. See Act of July 20, ch.
> 209, 27 Stat. 252.  Congress recognized that "no citizen sh[ould] be denied an opportunity
> to commence, prosecute, or defend an action, civil or criminal, in any court of the United
> States, solely because his poverty makes it impossible for him to pay or secure the costs."
> *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S.Ct. 85, 93 L.Ed. 43
> (1948) (internal quotation marks omitted).  It therefore permitted a citizen to "commence
> and prosecute to conclusion any such  .  .  .  action without being required to prepay fees
> or costs, or give security therefor before or after bringing suit."  § 1, 27 Stat. 252.  The
> current statute permits an individual to litigate a federal action *in forma pauperis* if the
> individual files an affidavit stating, among other things, that he or she is unable to prepay
> fees "or give security therefor."  28 U.S.C. § 1915(a)(1).

> Even in 1892, "Congress recognized  .  .  .  that a litigant whose filing fees and court
> costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to
> refrain from filing frivolous, malicious, or repetitive lawsuits."  *Neitzke v. Williams*, 490
> U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).  And as the years passed, Congress
> came to see that prisoner suits in particular represented a disproportionate share of federal
> filings.  *Jones v. Bock*, 549 U.S. 199, 202-203, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).  It
> responded by "enact[ing] a variety of reforms designed to filter out the bad claims [filed
> by prisoners] and facilitate consideration of the good."  *Id.*, at 204, 127 S.Ct. 910.  Among
> those reforms was the "three strikes" rule here at issue.  The rule, which applies to *in forma
> pauperis* status, reads in its entirety as follows:

>> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil
>> action or proceeding [*in forma pauperis*] if the prisoner has, on 3 or more prior
>> occasions, while incarcerated or detained in any facility, brought an action or appeal
>> in a court of the United States that was dismissed on the grounds that it is frivolous,
>> malicious, or fails to state a claim upon which relief may be granted, unless the
>> prisoner is under imminent danger of serious physical injury."  § 1915(g).

*Coleman*, 135 S. Ct. at 1761-62.

Evidence showing prior dismissals under the three strikes rule must be produced by

the defendant challenging the prisoner's *in forma pauperis* status or, when readily available, by

the Court.  *See Thompson v. Drug Enforcement Administration*, 492 F.3d 428, 435-36 (D.C. Cir. 2007).  Once such evidence has been produced to challenge the prisoner's *in forma pauperis* status, "the ultimate burden of persuasion shifts back to the prisoner to explain why the past dismissals should not count as strikes."  *Id.*, citing *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) and *Evans v. Illinois Department of Corrections*, 150 F.3d 810, 811-12 (7th Cir. 1998).

Here, defendant has identified plaintiff's "three strikes" under § 1915(g) as: *Pugh v. Holden-Selby*, 2:15-cv-10604 (E.D. Mich. Aug. 10, 2015) (granting defendant's motion to dismiss because plaintiff's complaint was barred by *res judicata*)[1]; *Pugh v. Naples*, 2:14-cv-227 (W.D. Mich. April 27, 2015) (dismissed for failure to state a claim); and, *Pugh v. Holden-Selby*, 2:14-cv-11428 (E.D. Mich. August 8, 2014) (dismissed without prejudice because it was a duplicative of a pending lawsuit)[2].  *See* Exhibits (ECF No. 24-1).  Plaintiff's response (ECF No. 31) does not address the merits of defendant's motion; rather, plaintiff claims that "those cases were all dismissed due to legal jargon."  Finally, plaintiff's amended complaint does not include allegations to support the "imminent danger" exception to the rule.

Defendant Thompson has demonstrated that plaintiff was subject to the three strikes rule when he filed this action.  Because § 1915(g) prohibits plaintiff from proceeding *in forma*

---

[1] Dismissal of a prisoner lawsuit as barred by *res judicata* constitutes a strike under 28 U.S.C. § 1915(g).  *See, e.g.*, *Harmon v. Webster*, 263 Fed. Appx. 844, 846 (11th Cir. 2008); *Walker v. Page*, 59 Fed. Appx. 896, 900 (7th Cir. 2003); *Elufe v. Clauberg*, No. 11-CV-5291, 2012 WL 1506692 at *1 (S.D.N.Y. April 27, 2012).

[2] "When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process . . .  We conclude that the dismissal of a complaint as repetitive and an abuse of process constitutes a strike under § 1915(g), regardless of whether the district court used the words 'frivolous' or 'malicious.'"  *Childs v. Miller*, 713 F.3d 1262, 1265-66 (10th Cir. 2013).

*pauperis* in this action, defendant's motion to revoke plaintiff's *in forma pauperis* status should be granted and plaintiff should pay his share of the civil filing fee, which in this case is $175.00.[3]

### II.    Recommendation

For the reasons set forth above, I respectfully recommend that defendant Thompson's motion to revoke plaintiff's *in forma pauperis* status (ECF No. 23) be **GRANTED**.

I further recommend that plaintiff be given **14 days** to pay the Court his **$175.00** share of the filing fee, and that his case be **DISMISSED** if he fails to pay the filing fee within that time.

Dated:  November 29, 2017                                     /s/ RAY KENT
                                                                                      United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[3] The Court notes that as of September 29, 2017, former co-plaintiff Wright has paid $133.91 for his share of the filing fee, while co-plaintiff Pugh has paid "$0.00."